THE MORGANTON MANUFACTURING AND TRADING COMPANY, INC.,
v. FOY-SEAWELL LUMBER COMPANY, INC., ET AL.

(Filed 7 May, 1919.)

**1. Appeal and Error—Reference—Attachment—Presumptions—Findings.**

Where the referee has found, in an action wherein the defendant's property had been seized under an attachment, that the attachment was valid, and the trial judge has ruled, upon full consideration of the report, that it had been properly issued, and there are no special findings made by or requested of him, the Supreme Court, on appeal, will assume that he found the necessary facts, under the evidence, to support his order.

**2. Attachment—Reference—Fraud—Evidence—Appeal and Error.**

Where the affidavit in attachment alleges that the defendant was shipping beyond the State manufactured lumber in breach of his contract with the plaintiff not to do so, but to transfer the bills of lading to him, and was continuing to do so, secretly, surreptitiously, and in a hasty manner, it is sufficient to sustain a finding of the trial judge, in passing upon the report of the referee, that the attachment had properly been issued, and renders immaterial and harmless a similar finding of the referee upon the same question ; and in passing upon the question of the sufficiency of the evidence to sustain the finding of fraud, some latitude will be allowed on appeal, in support of the finding.

**3. Attachment—Custodia Legis—Judgment—Execution—Evidence—Fraud—Statutes.**

Where defendant's property has been seized under attachment in an action and held in *custodia legis* until final judgment in plaintiff's behalf, and the decision upon the question as to whether there was sufficient evidence of fraud to sustain the attachment having been adverse to the defendant and approved by this Court, the effect of an execution upon the judgment, when placed in the sheriff's hands, Rev., sec. 784, is that of a *venditioni exponas* to sell the property which had been seized in attachment.

**4. Same—Issues.**

Where property of the defendant has been seized and is held in *custodia legis* under a writ of attachment until judgment is rendered in the main action, if plaintiff recovers, it is the duty of the sheriff, under the statute, to sell the property seized in attachment, when execution is issued upon the judgment and received by him.

**5. Appeal and Error—Reference—Findings—Evidence.**

The findings of fact by a referee, which were made upon sufficient evidence and fully considered and approved by the trial judge, will not be reviewed in this Court on appeal.

**6. Attachment—Decisions—Res Judicata—Judgments.**

A decision on a motion to vacate an attachment is *res judicata* until reversed.

ACTION heard before *Webb, J.,* upon exceptions to a referee's report at December Term, 1918, of BURKE.

The plaintiff alleged that the defendants are indebted to it in the sum of $1,917.10, being the balance due on an account for manufacturing the lumber of defendants at its plant and for other services rendered in connection therewith. Plaintiff applied for a warrant of attachment upon the ground, as stated in its affidavit, that the defendant, Foy-Seawell Lumber Company, either had assigned, disposed of or subscribed its property, or was about to do so, with intent to defraud its creditors. A warrant of attachment was issued and levied upon the property of the defendant company described in the sheriff's return thereon. Plaintiff alleged, in its affidavit, that the defendant had promised to assign to it the bill of lading for certain lumber, on which plaintiff had worked, before the same was shipped, and that defendant had failed to comply with its promise, but, on the contrary, had shipped out the lumber in a car without plaintiff's knowledge or consent, and the car containing the lumber was proceeding on its journey to a point without the State and the jurisdiction of the court when the warrant was levied upon the lumber at an intermediate station.

Defendant moved to vacate the attachment for the reason that the affidavit did not sufficiently state the grounds upon which plaintiff based its belief that defendant was disposing of its property with intent to defraud its creditors. The court refused to vacate the attachment, and defendant excepted and appealed, but did not prosecute its appeal, and abandoned it.

The case was referred to Mr. W. T. Morgan, of Marion, N. C., to take and state an account of the transaction, as alleged in the pleadings, which he did, and then made his report to the court. Exceptions were filed thereto by the defendant which, upon being heard by the judge, were overruled, and defendant excepted. There were six exceptions, and all but the sixth—which was merely formal—and the fourth and fifth, which will be hereinafter separately considered, were taken to the referee's findings of fact, which upon review were approved by the judge.

Judgment was rendered for the plaintiff, and the property attached was (by consent without prejudice) ordered to be sold, and the court then adjudged that it be applied to the payment of the judgment. Defendant excepted and appealed.

*Avery & Ervin for plaintiff.*
*Lee & Ford for defendants.*

WALKER, J., after stating the facts: We doubt if the judgment is a final one, so that an appeal will lie from it, as there were other things to be done, but waiving this question for the present, we will consider the exceptions so as not to prolong the litigation.

The referee found that a valid attachment had been issued and levied upon the defendants' property, and it is objected by the latter that this was not a finding of fact as to the fraud in disposing of the property. But we regard this as immaterial. The judge correctly ruled that the attachment was properly issued, and in the absence of any special findings of fact by him we must assume that he found those facts which would support his order. *Lumber Co. v. Buhmann,* 160 N. C., 385; *Gardiner v. May,* 172 N. C., 192; *McLeod v. Gooch,* 162 N. C., 122; *Pharr v. R. R.,* 132 N. C., 423.

If the defendants desired a specific finding of the facts it should have requested it. *Lumber Co. v. Buhmann, supra; Gardiner v. May, supra,* citing *McLeod v. Gooch, supra.* But we need not longer dwell on this matter, as upon an examination of the affidavit we are of the opinion that it contains statements from which he could fairly and reasonably find, as he evidently did, that the defendant had not only violated its plainly expressed agreement that it would not remove the lumber without assigning the bill of lading to the plaintiff, but that the defendant had actually shipped its property secretly and surreptitiously, with the intent to hinder, delay, and defeat its creditors. Why should it have shipped, in the manner it did, without transferring the bill of lading in direct breach of its promise and without giving the plaintiff any notice of what it intended to do? This was a very suspicious circumstance, and the defendant's entire conduct was calculated to impress the judge with the conviction, that its purpose was not an honest one, as it had attempted, as fast as it could do so, to put its property beyond the reach of the plaintiff, when it was caught in the act. In passing upon such questions we are permitted some latitude in finding the fact of fraud. There was no reason for such hasty and clandestine action if the intent was a fair and innocent one. Our conclusion that the judge was right, in any view, when he refused to vacate the attachment, makes it immaterial to discuss the exceptions as to the finding of the referee upon the same question. The fraudulent disposition of its property by defendant, as alleged in the attachment proceedings, was entirely collateral to the main issue in the case, which was whether defendant was indebted to the plaintiff, and if so, in what amount. Such an attachment is intended by the law to place the property in its custody as a security for the payment of the debt, if finally there is a judgment for it.

The statute provides that "in case judgment be entered for plaintiff in the action, the sheriff shall satisfy the same out of the property attached by him if it shall be sufficient for that purpose," and then the method of doing so is prescribed. Rev., sec. 784. It has been held that attachment is simply a levy before judgment to preserve and make

effective the ultimate recovery of the plaintiff, and when execution is issued upon the judgment, it is his duty to sell the attached property. *Mfg. Co. v. Steinmetz,* 133 N. C., 194 (by *Chief Justice Clark*), citing *Gamble v. Rhyne,* 80 N. C., 183. Where the court has the custody of property it will be retained to await the result of the action and to satisfy any judgment that may be recovered. *Lemly v. Ellis,* 143 N. C., 200. Under this section the sheriff, upon receiving execution, is directed to sell the property previously attached and is invested with as much power and authority to act in the premises as if an execution, in the form of a *venditioni exponas,* had been issued to him specially commanding him to sell the particular property. *May v. Getty,* 140 N. C., 310. It was not alleged that the debt itself was fraudulently contracted, and therefore no *issue* of fraud was involved. The fraud consisted in removing the property with an intent to defeat a recovery of plaintiff's claim, and that was a collateral fact. *Mfg. Co. v. Steinmetz, supra,* is directly in point. The second head-note states: "Where ancillary proceedings of attachment are brought with the main action, and the attachment is not discharged, it is not error to condemn the attached property for sale to pay the judgment, as the sheriff would be required to sell the same upon issuance of execution."

The referee found that the attachment was validly issued, and the presiding judge affirmed all of his findings of fact and conclusions of law. As to the referee's findings of fact, there was evidence to support them, and they were fully considered and approved by the judge. When this is the case, we do not review them here. The authorities to this effect are numerous. *Battle v. Mayo,* 102 N. C., 413; *Lewis v. Covington,* 130 N. C., 541; *Moore v. Westbrook,* 156 N. C., 482; *Thompson v. Smith,* 160 N. C., 256; *McCullers v. Cheatham,* 163 N. C., 61; *Montcastle v. Wheeler,* 167 N. C., 258; *Simmons v. Groom, ibid.,* 271; *Comrs. v. Abee Bros.,* 175 N. C., 701. We have examined the evidence and find that it supports the referee's findings of fact. The point was made that the decision, on the motion to vacate the attachment, is *res judicata. Roulhac v. Brown,* 87 N. C., 1; *Pasour v. Lineberger,* 90 N. C., 159. This is true so long as the order is unreversed, but it is not material in the view taken by us of the case. We need not decide whether another motion to vacate could have been made upon new facts, as no such motion was made.

There was no error in the rulings and judgment below.

No error.