### L. L. BLEVINS v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 8 November, 1922.)

#### Appeal and Error—Unanswered Questions—Presumptions—Evidence.

Upon the exception to the exclusion of an answer by the witness of a question, it must be made properly to appear what the expected answer would have been, to be considered on appeal, so that its materiality may appear of record, under the rule that prejudicial error will not be presumed, but must affirmatively be established by the appellant.

APPEAL by plaintiff from *Finley, J.,* at July Term, 1922, of ASHE.

Civil action to recover damages for the loss of plaintiff's cow, alleged to have been killed by the negligent operation of defendant's train.

From a judgment in favor of defendant, the plaintiff appealed.

*Charles B. Spicer for plaintiff.*
*T. C. Bowie for defendant.*

STACY, J.   Plaintiff's cow was killed by defendant's train on 2 December, 1920.   It was the contention of the defendant that the killing was accidental, and that the train could not have been stopped in time to have prevented the injury.   In reply to this, the plaintiff, as a witness in his own behalf, offered to testify within what distance the train—admittedly running from ten to fifteen miles an hour—could have been stopped at that particular place.   He stated that he was familiar with the track; that he had often observed trains passing up and down the line; that there was a cut and a curve at the place where the cow was killed; and that he had seen trains stop right near this particular point. There was also testimony to the effect that the engineer could have seen the cow for a distance of four hundred feet.   Upon objection, the witness was not allowed to answer, or to give his proposed evidence.   This ruling may have been erroneous (*Hanford v. R. R.,* 167 N. C., 277); but its materiality does not appear, as there is nothing on the record to show what the answer would have been.   *Armfield v. R. R.,* 162 N. C., 24.   Prejudicial error will not be presumed; it must be affirmatively established.   *In re Ross,* 182 N. C., 478.