JOHN T. PILLEY v. GREENVILLE COTTON MILLS, INCORPORATED.

(Filed 7 October, 1931.)

**Master and Servant F a—Remedies under Workmen's Compensation Act exclude all other remedies.**

The Workmen's Compensation Act provides that its provisions shall be presumed to be accepted by all employers and employees, with certain exceptions, and that the remedies therein provided shall exclude all other remedies, and where an employee coming within the provisions of the act brings an independent action and alleges negligence and that his application for compensation was refused by the Industrial Commission on the grounds that his injuries did not result from an accident arising

out of and in the course of his employment, from which no appeal was taken, the employer's demurrer thereto is properly sustained, and the employee's contention of a distinction between an injury by accident and an injury from negligence cannot avail him, the act eliminating the question of negligence in determining the employer's liability.

APPEAL by plaintiff from *Frizzelle, J.,* at April Term, 1931, of PITT.

The plaintiff brought suit against the defendant to recover damages caused by the alleged negligence of the defendant. The complaint contains the following paragraph: "The North Carolina Industrial Commission upon plaintiff's application for compensation dismissed the same as an accident not sustained in the course of and arising out of his employment."

The defendant demurred to the complaint; the trial judge sustained the demurrer, and the plaintiff excepted and appealed.

*S. J. Everett for plaintiff.*
*Thomas W. Ruffin for defendant.*

ADAMS, J. The complaint sets out the plaintiff's residence, his contract of employment, his duties, and his injury. It contains an averment that the Industrial Commission dismissed his application for compensation for the reason that the plaintiff was not injured by accident arising out of and in the course of his employment. From this judgment there was no appeal.

Under the Workmen's Compensation Law every employer and employee, except as therein stated, is presumed to have accepted the provisions of the act and to pay and accept compensation for personal injury or death as therein set forth. The plaintiff, not being in the excepted class, is bound by this presumption. P. L., 1929, ch. 120, sec. 4. It follows by the express terms of the statute (sec. 11) that the rights and remedies thus granted to an employee exclude all other rights and remedies of such employee as against his employer at common law, or otherwise, on account of injury, loss of service or death. The appellant's suggested distinction between an injury by accident and an injury resulting from a negligent act cannot avail him. By mutual concession between the employer and employee who are subject to the compensation law the question of negligence is eliminated. *Conrad v. Foundry Co.,* 198 N. C., 723. Judgment

Affirmed.