MRS. MARY BELLE HEAVNER v. TOWN OF LINCOLNTON AND
MARYLAND CASUALTY COMPANY.

(Filed 16 March, 1932.)

1. **Master and Servant F g—Provision in Compensation Act for payment of awards is statutory modification of distribution statute.**

The law regulating the distribution of personal property by descent is purely statutory, C. S., 137, and the Workmen's Compensation Act giving the award of compensation for an injury resulting in death to the wife of the employee exclusive of his mother (sec. 77) is also statutory and is valid, being a change made by a later statute of the provisions of a former statute which falls within the power of the Legislature to enact.

2. **Master and Servant F a—Industrial Commission is administrative agency, and Compensation Act is constitutional.**

While the Industrial Commission in the exercise of its statutory authority performs certain duties that are judicial in their nature it is primarily an administrative agency of the State in the administration of the Compensation Act and its judicial powers are but incidental thereto, and the administration of the powers conferred by the statute is not in contravention of Art. IV, secs. 2 and 12 of the Constitution of North Carolina, nor of any other part of our organic law, and objection that the act destroys the ancient right of trial by jury or violates the Due-Process Clause or is an unlawful discrimination among employees cannot be sustained.

CIVIL ACTION, before *Moore, J.,* at July Term, 1931, of LINCOLN.

Harry Heavner, while regularly employed by the town of Lincolnton, suffered an injury by accident, that arose out of and in the course of his employment, resulting in death. At the time of his death he left a wife, Lena Heavner, and his mother, Mrs. Mary Belle Heavner, who is the plaintiff in this action. The wife was wholly dependent upon her husband for support and the mother, who lived with the deceased, was partially dependent. The evidence tended to show that the mother, plaintiff in this action, owned a five-sixths undivided interest in a farm in Lincoln County, and that she received from the Jefferson Standard Life Insurance Company the sum of $2,865.00, constituting the proceeds of a policy of life insurance which the son carried upon his life, payable to the mother. The carrier applied to the Industrial Commission to determine who should receive the compensation under the provisions of the Workmen's Compensation Act. Thereupon a hearing was had before Commissioner Dorsett on December 10, 1930, and all parties appeared and were all represented by counsel. After hearing the evidence Commissioner Dorsett found as a conclusion of law that the widow, Lena Heavner, wife of the deceased, was entitled to receive the entire compen-

sation. From the award so made the mother of the deceased, plaintiff
in this action, appealed to the full Commission. A time was set for
the hearing by the full Commission and the plaintiff appeared through
counsel and made a motion before the Commission to transfer the cause
to the Superior Court of Lincoln County for that: (1) the Workmen's
Compensation Act is unconstitutional and void; (2) the North Carolina
Industrial Commission, as created, is unconstitutional and void, and,
therefore, without proper authority to hear the facts and make an award.
The full Commission denied the motion and proceeded to affirm the
award decreeing the entire compensation to the widow, Lena Heavner,
instead of to the mother, Mary Belle Heavner. Thereafter, the mother,
plaintiff in this action, appealed to the Superior Court.

The cause was heard in the Superior Court and the trial judge de-
creed that the Compensation Act was constitutional and the Industrial
Commission properly constituted, and thereupon sustained the award to
the widow, from which judgment the plaintiff appealed.

*W. H. Childs and W. A. Dennis for plaintiff.*
*David P. Dellinger and Burgess & Baker for defendant.*

BROGDEN, J. The questions of law, as stated in the brief of the ap-
pellant, are as follows:

1. Is the North Carolina Workmen's Compensation Act a constitu-
tional and valid enactment of law?

2. Is the North Carolina Industrial Commission, as created and estab-
lished, a constitutional and legitimate tribunal with power and authority
to hear and pass upon the facts and law in the above entitled cause?

At the outset the plaintiff asserts that under the statute of distribu-
tion, C. S., 137, subsection 3, she would be entitled to one-half of the
proceeds arising from the death of her son unless the general statute of
distribution is modified by the Compensation Act. The distribution of
personal property among the next of kin of a deceased person is statu-
tory, and the Compensation Act is statutory. Section 77 of said Com-
pensation Act expressly provides that "all acts and parts of acts in-
consistent with any provision of this act are hereby repealed." This
repealing clause was never intended to abrogate C. S., 137, except insofar
as the Compensation Act established a definite mode of distribution in
cases falling within the provisions of the act. As the same legislative
power that enacted C. S., 137 also enacted the compensation law, the
contention of the plaintiff upon this aspect of the case cannot be
sustained.

The constitutional attack upon the compensation law rests upon the
following grounds: (a) that said Compensation Act destroys the ancient

right of trial by jury; (b) violates due process of law; (c) creates unlawful discrimination in that certain employees are not included within its provisions; (d) invades the freedom of contract for that the provisions of the act are compulsory; (e) creates a court in violation of Article IV, sections 2 and 12 of the Constitution of North Carolina.

The record discloses that the plaintiff voluntarily submitted to the jurisdiction of the Industrial Commission in the first instance and did not seek to overthrow the constitutionality of the act or the tribunal administering it, until after an adverse award. But assuming that the plaintiff, under such circumstances, can assail the constitutionality of the act or of the power of the Commission to hear and determine questions regularly and properly before it, nevertheless the constitutionality of the act and of the commission itself is now beyond question. This Court, in many decisions, has recognized the applicability of the act, and the power of the Commission to administer it, within the boundaries of the act. While it is technically true that this Court has not heretofore considered the constitutional questions involved in this appeal, it has approved expressly and unequivocally the liberal and beneficent provisions thereof. Indeed, all the major objections to the constitutionality of compensation acts have been considered by the Supreme Court of the United States and many other courts throughout the country. *Mountain Timber Co. v. Washington,* 243 U. S., 219, 61 L. Ed., 685; *Hawkins v. Bleakly,* 243 U. S., 210, 61 L. Ed., 678; *New York Central R. R. Co. v. White,* 243 U. S., 188, 61 L. Ed., 667; *Arizona Copper Co. v. Hammer,* 250 U. S., 400, 63 L. Ed., 1058; *Hagler v. Highway Commission,* 200 N. C., 733, 158 S. E., 383. The courts and textwriters have declared that compensation legislation falls within the exercise of the police power of sovereignty, and for this reason constitutional objections have not ordinarily prevailed.

This Court has never held that the Industrial Commission is a court in the strict sense of that term. Indeed, it has been expressly declared that the Industrial Commission is primarily an administrative agency of the State, charged with the duty of administering the Compensation Act, and, as an incident to such administration, it performs duties "which are judicial in their nature." *In re Hayes,* 200 N. C., 133, 156 S. E., 791. In disposing of the questions presented, it is deemed unnecessary to pyramid quotations from the authorities. All legitimate arguments, together with the authorities supporting the various aspects of constitutional inhibition, are contained and set forth at length in the cases determined by the Supreme Court of the United States, *supra.* The award to the widow is

Affirmed.