STATE OF NORTH CAROLINA ON RELATION OF THE COMMISSIONER OF REVENUE v. BROWN REALTY COMPANY.

(Filed 25 January, 1933.)

**Appeal and Error J c—It will be assumed that judgment is supported by necessary facts in absence of findings of fact or request therefor.**

Where no facts are found by the trial court, and no request is made therefor by the appellant, it will be assumed, in an action involving the appellant's right to a refund on income taxes paid to the Commissioner of Revenue, that the judgment is supported by the essential facts, and it will be affirmed on appeal.

APPEAL by defendant from *Sink, J.,* at June Term, 1932, of BUNCOMBE. Affirmed.

*John H. Cathey and Isabel Cathey for appellant.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for appellee.*

PER CURIAM. The defendant filed a petition before the State Department of Revenue for a revision of its income tax assessment for the income year of 1925, and for a refund of taxes claimed to have been paid in excess of the amount actually due.

For the income tax year of 1925 the defendant made its income tax return to R. A. Doughton, Commissioner of Revenue, and upon this

return the income tax was assessed and a part of it was paid. Sometime afterwards the defendant was allowed a refund of taxes from the Federal Government based upon certain collections and changes, as will appear by reference to pages 21-25 of the case on appeal.

The defendant reported this refund to the State Department of Revenue as required by law and the Revenue Commissioner made a reëxamination of the tax returns and refunded to the defendant the sum of $1,000. The defendant contends that this payment is not a bar to a further hearing of its claim for a refund, while the Commissioner insists that the payment was intended to be final. The controversy seems to depend on the question whether section 502 of the Revenue Act makes it mandatory upon the Commissioner to adopt the correction made in the Federal income tax report and assessment. The material part of section 502 is as follows: "The Commissioner shall thereupon proceed to determine, from such evidence as he may have brought to his attention or shall otherwise acquire, the correct net income of such taxpayer for the fiscal or calendar year, and if there shall be any additional tax due from such taxpayer the same shall be assessed and collected, and if there shall have been an overpayment of the tax, the said Commissioner shall, within 30 days after the final determination of the net income of such taxpayer, refund the amount of such excess."

The trial court adjudged that the plaintiff is not entitled to recover any sum whatever in refund of any taxes heretofore paid to the State Revenue Department.

The court found no facts, but in the absence of the request to this effect by the appellant, we must assume that the judgment is based upon such facts as are essential to support it. We think the judgment is free from error and that it should be

Affirmed.