W. C. HANKS, ADMINISTRATOR OF CURTIS HANKS, DECEASED, v. SOUTHERN PUBLIC UTILITIES COMPANY.

(Filed 8 February, 1933.)

1. **Master and Servant F a—**

   The North Carolina Workmen's Compensation Law is constitutional.

2. **Same—**

   Under the provisions of section 8081(k) every employer and employee within the purview of the Compensation Act is presumed to have accepted its provisions.

3. **Same: Pleadings D c—Vitiating defect must appear upon face of complaint in order to be available upon demurrer.**

   Where a demurrer is interposed in an action by the administrator of a deceased employee on the ground that the action is cognizable only by the Industrial Commission, and it does not appear from the face of the complaint that the defendant employed more than five men in this State, section 8081 (u), the demurrer is properly overruled, it being necessary that the vitiating defect appear on the face of the complaint in order to be available on demurrer.

CIVIL ACTION, before *Moore, J.,* at June Term, 1932, of WILKES.

The plaintiff filed a complaint to recover damages for personal injury. A demurrer thereto was sustained, and thereupon the plaintiff filed an amended complaint alleging that his intestate was killed on 6 December, 1929. The cause of death was contact with a guy wire improperly insulated; and it was also alleged that the defendant negligently failed to furnish the deceased with safe and suitable tools and appliances with which to perform his duties. Paragraph 10 of the complaint is as follows: "That at the time of the grievance herein set forth and at no time prior thereto had the plaintiff's intestate accepted the provisions of the Workmen's Compensation Act, or by any acts or conduct acquiesced

in or agreed to become bound by the provisions thereof." The defendant demurred to the amended complaint for that on 6 December, 1929, the date of the injury and death, plaintiff's intestate was employed by the defendant "in its business in the State of North Carolina, and that his alleged injury occurred in the State of North Carolina, and that such employee was subject to the provisions of the North Carolina Workmen's Compensation Act." The demurrer was overruled and the defendant appealed.

*T. C. Bowie and Wm. M. Allen for plaintiff.*
*Manly, Hendren and Womble for defendant.*

BROGDEN, J. The defendant contended that the injury occurred subsequent to the enactment of the Workmen's Compensation law, and that as a result the cause was cognizable by the Industrial Commission. The plaintiff contended that the Workmen's Compensation Act was unconstitutional for that it impaired the right of trial by jury, guaranteed by the Constitution of North Carolina.

The constitutionality of the Workmen's Compensation Act was upheld in *Heavner v. Lincolnton,* 202 N. C., 400, 162 S. E., 909. See, also, *Hagler v. Highway Commission,* 200 N. C., 733, 158 S. E., 383.

The plaintiff alleges in paragraph 10 of the complaint that his intestate had not accepted the provisions of the Workmen's Compensation Act. However, this is immaterial for the reason that C. S., 8081(k) provides in substance that every employer and employee coming within the purview of the act is presumed to have accepted the provisions thereof.

However, the demurrer was properly overruled. It does not appear upon the face of the complaint that the Workmen's Compensation Act applies to the defendant. C. S., 8081(u) provides in subsection (b) that the Workmen's Compensation Act does not apply to casual employees, "nor to any person, firm or private corporation that has regularly in service less than five employees in the said business within this State," etc. *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569. The face of the complaint does not disclose that the defendant employs more than five men. A demurrer cannot be sustained unless the vitiating defect appears upon the face of the pleadings assailed. *Justice v. Sherard,* 197 N. C., 237, 148 S. E., 241.

Affirmed.