## STATE v. DAN HARRIS.

(Filed 22 March, 1933.)

**Criminal Law L e—The regularity of the trial in the lower court is presumed, with the burden on appellant to show prejudicial error.**

Where the allegations in defendant's motion for a new trial for misconduct affecting the jury and the solicitor's affidavit filed in response thereto are conflicting as to whether the jury knew of the alleged misconduct, and the trial court overrules the motion without finding the facts, there being no request therefor, the Supreme Court will not attempt

to find the facts from the conflicting averments, but it will presume that the trial court found facts supporting his action, and his judgment refusing the motion for a new trial will be upheld, the regularity of the trial being presumed with the burden on appellant to show prejudicial error.

APPEAL by defendant from *Sinclair, J.,* at December Term, 1932, of WAKE. No error.

The defendant was indicted and convicted of having carnal knowledge of a female child under the age of sixteen years, in breach of C. S., 4209. From the judgment pronounced he appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Charles U. Harris and R. E. Parris for defendant.*

ADAMS, J. The exceptions taken by the defendant, eliminating those which are formal, relate to an incident which occurred during the trial. A witness for the State testified on the cross-examination that she had reported the defendant's conduct to the chief of police at the request of the girl's mother. The inference was that the request had been communicated to the witness by letter. In arguing the case to the jury the defendant's counsel referred to the fact that no letter had been introduced and that no explanation of its absence had been made. The court took a recess until the next morning, and when it reconvened the solicitor gave the opposing counsel a letter and remarked, "There is the letter referred to in your speech to the jury yesterday." It is not known that any member of the jury heard the remark.

After the verdict was announced the defendant made a motion for a new trial and set out in writing his version of the transaction, and the solicitor filed an opposing affidavit. The court overruled the defendant's motion, to which exception was entered, and pronounced judgment. The defendant excepted and appealed.

The regularity of the trial is presumed and the burden is upon the appellant to show prejudicial error. *Quelch v. Futch,* 175 N. C., 694; *Blevins v. R. R.,* 184 N. C., 324; *Rawls v. Lupton,* 193 N. C., 428. The allegations made in the motion for a new trial and those in the affidavit differ in material respects. We cannot determine from conflicting averments just what the facts are, and the appellant did not request the presiding judge to find the facts in regard to the letter. Under these circumstances we cannot assume that the contents or the existence of the letter was known to the jury. In overruling the motion for a new trial the court presumably found the facts against the defendant's contention. In *Commissioner of Revenue v. Realty Co., ante,* 123, it was

said, "The court found no facts, but in the absence of a request to this effect by the appellant, we must assume that the judgment is based upon such facts as are essential to support it." Likewise in *Holcomb v. Holcomb,* 192 N. C., 504: "In the absence of such finding, it is presumed that the judge, upon proper evidence, found facts sufficient to support his judgment. *McLeod v. Gooch,* 162 N. C., 122. Hence, there is nothing for us to review. *Osborn v. Leach,* 133 N. C., 428. 'We do not consider affidavits for the purpose of finding facts ourselves in motions of this sort.' *Gardiner v. May,* 172 N. C., 192. It would have been error for the judge not to have found the facts, had he been requested to do so. *McLeod v. Gooch, supra.* But he is not required to make such finding in the absence of a request by some of the parties. *Lumber Co. v. Buhmann,* 160 N. C., 385. See *Norton v. McLaurin,* 125 N. C., 185, for full discussion of the subject." We find

No error.