L. R. POWELL, JR., AND E. W. SMITH, RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY, v. BLADEN COUNTY AND NASH L. TATUM, SHERIFF AND TAX COLLECTOR FOR BLADEN COUNTY.

(Filed 28 February, 1934.)

1. **Taxation A b—County tax rate for State six months school term in this case held valid.**

   A county tax rate of 16½ cents for the support of the constitutional six months school term for the tax year of 1931, chap. 427, Public Laws of 1931, is held valid, a levy of 16 cents on the valuations of 1931 being equal to a levy of 15 cents on the valuations of the county for the year 1930, and the taxable values being uncertain at the time of its levy, and it appearing that the tax rate was reasonably accurate and that the surplus collected therefrom for the purpose was carried over to the next year and the tax rate reduced accordingly.

2. **Same—County tax rate to supplement State school fund held valid.**

   A county tax rate of 8 cents for the year 1931, in addition to a levy equal to a 15-cent rate on the valuations of 1930, to supplement the State

fund in order to provide for a higher standard of public schools, and to provide for a deficiency in the maintenance fund and fixed charges for the prior year, no State funds being available for such deficiency and it not being possible to otherwise comply with the constitutional mandate for the six months school term, *is held* valid, such additional tax rate being permissible when the relative statutes are construed together, chap. 427, Public Laws of 1931, chap. 430, secs. 6 (4 and 5), 7, 15, Public Laws of 1931, and the county board of education being given authority to supplement items of the budget with the approval of the board of commissioners and the State Board of Equalization for the purpose of providing a higher standard of schools than that provided by State support, and the record showing that this levy was made for the purpose of instructional service and auxiliary agencies is sufficient to support a finding that the items were to provide such higher standard of public schools.

**3. Appeal and Error J c—**

Where the trial court makes no specific findings in regard to a material fact in issue it will be presumed on appeal that the judgment is supported by findings of the essential facts.

APPEAL by plaintiffs from *Devin, J.,* 10 February, 1933. From BLADEN.

Action to recover $1,193.92, the amount of taxes alleged to have been unlawfully levied and paid by plaintiffs under protest. The appropriation of funds for the expenses of county government and the levying of taxes for such appropriations are the only questions to be considered.

For 1931 the board of commissioners levied the following taxes:

On each $100.00 worth of property, real and personal:

County General Fund Tax:

| | |
|---|---|
| For general purposes | $0.15 |
| For outside poor, hospital expense, medicine and burial | .03½ |
| For health | .01½ |
| Total | $0.20 |

County General School Fund Tax:

| | |
|---|---|
| State 6 months term | $0.16½ |
| Current expenses, supplement | .08 |
| Capital outlay | .01½ |
| Debt service | .37½ |
| Total | $0.63 |

Under a resolution adopted on 7 September, 1931, the board appropriated funds for current expenses "State six months school term" as follows:

POWELL *v.* BLADEN COUNTY.

|  | State | County |
|---|---|---|
| General Control | $ 4,770.00 | |
| Instructional service | 80,695.00 | $ 3,372.13 |
| Operation of plant | 5,245.00 | |
| Maintenance of plant | | 5,057.00 |
| Fixed charges | | 2,542.53 |
| Auxiliary agencies | 15,918.28 | 1,525.00 |

Capital Outlay:

| | | |
|---|---|---|
| New buildings and grounds | | |
| Old buildings and grounds | $ | 390.00 |
| Trucks | | 1,429.50 |
| Equipment, superintendent's office | | 297.50 |

Debt Service:

| | | |
|---|---|---|
| State loans | $ | 21,649.25 |
| County bonds | | 21,127.88 |
| District bonds | | 588.50 |
| Interest temporary loans | | 660.00 |

To meet the appropriations for "current expense" the county commissioners levied a tax of 16½ cents on the hundred-dollar valuation of property, and to meet appropriations to supplement the current expense for the objects enumerated as instructional service, $3,372.13; maintenance of plant, $5,057; fixed charges, $2,542.53; and auxiliary agencies, $1,525, the commissioners levied a tax of 8 cents on the hundred-dollar valuation.

For the fiscal year ending 30 June, 1932, the schools of Bladen County were maintained according to State standards as provided in chapter 430, section 15, Public Laws, 1931.

The county tax rate appearing in the tax receipt for 1931 was as follows:

| | |
|---|---|
| County | $0.15 |
| Outside poor | 0.03½ |
| Health | 0.01½ |
| School | 0.46½ |
| State six months | 0.16½ |
| Road debt | 0.36 |
| Total | $1.19 |

At the close of the evidence, trial by jury being waived, the court adjudged that the plaintiffs take nothing by their action and that they pay the costs. The plaintiffs excepted and appealed.

*Varser, Lawrence, McIntyre & Henry for appellants.*
*H. H. Clark for appellees.*

ADAMS, J. The Revenue Act applicable to the present appeal went into effect on 27 May, 1931. Public Laws, 1931, chap. 427. One of its purposes was to provide for the expense of operating all the public schools of the State for the constitutional term of six months within the standards of cost prescribed in the public school law. The total cost of operating all the public schools of the State for a term of six months was not to exceed a fixed sum, and the boards of commissioners of the several counties were authorized and directed to levy in each of the·years of the next biennium a tax upon all the taxable property in each county that would be equal to a levy of fifteen cents on each hundred-dollar valuation on the total value of real and personal property listed and assessed in each county in the year 1930, as shown in the county's official report to the State.

The total valuation of all real and personal property listed and assessed for taxation in Bladen County for the year 1930, as shown in the official report, was $13,440,002, and for the year 1931 it was $12,602,463. A levy of fifteen cents on each hundred dollars in value of all property assessed in 1930 would amount to $20,160, and substantially the same amount would be raised by a levy of sixteen cents on $12,602,463, the value of property assessed for taxation in 1931. The levy actually made in 1931 was 16½ cents, and this, the appellants contend, was excessive and invalid, at least to the extent of one-half a cent.

This levy raised $20,794.06, which is in excess of the sum that would have been realized if calculated on the basis of 1930, but the commissioners had to make the appropriations and fix the levy before the amount of taxable values was definitely known and this fact necessarily involved estimates which could not be accurately predetermined. Public Laws, 1923, chap. 136, sec. 172. Indeed, the act of 1931 (chap. 427, sec. 492), provides that the tax levy therein authorized shall be subject to the same discounts and penalties as are allowed for other county taxes and the same percentage for collection, in view of which the levy seems to have been reasonably accurate. Moreover, the surplus created by the levy was carried forward and the levy of the following year was one-half a cent less than it would otherwise have been. We do not perceive that the plaintiffs have suffered any substantial loss in this respect.

In addition to the amounts levied for instructional service, maintenance of plant, fixed charges, and auxiliary agencies, there was an appropriation for a deficit in 1930 of $4,572.08. These several amounts aggregated $17,068.74. After deducting from this amount an estimated

revenue of $9,640.37 there was a remainder of $7,428.37, to which were added uncollectible taxes and collectors' commissions, making a total of $8,065.39, for the payment of which the board of commissioners levied the tax of eight cents.

Objecting to the levy of this tax, the plaintiffs contend, as with respect to the levy of sixteen and a half cents, that the maximum amount to be levied by the commissioners was a sum equal to a levy of fifteen cents on each hundred-dollar valuation.

The Constitution provides that one or more public schools shall be maintained at least six months in each school district in every county in the State and subjects the county commissioners to indictment if they fail to comply with this requirement. Article IX, sec. 3. The section is mandatory, and to provide the means of complying with it is a legislative function which the General Assembly has undertaken to exercise. *Wilkinson v. Board of Education*, 199 N. C., 669; *Lacy v. Bank*, 183 N. C., 373. It is the declared intent and purpose of the Revenue Act of 1931, to provide revenue to defray the expense of operating all the public schools of the State for six months (Public Laws, 1931, chap. 427, sec. 492), and it is made the duty of the board of county commissioners to provide by taxation the funds necessary to maintain the schools for the constitutional term. Public Laws, 1923, chap. 136, secs. 182, 183; Public Laws, 1927, chap. 239, sec. 9. It is true that in the Public Laws of 1931, chap. 430, sec. 15, it is said that no county shall levy an *ad valorem* tax for the operation of the current expense budget for schools operated according to the State standard therein set out except as provided in the Revenue Act of 1931, but this clause must not be construed as an isolated and unqualified inhibition.

· One of the objects for which the tax was levied was a deficit for the preceding year. The objects designated "maintenance of plant" and "fixed charges" were to be supplied *as far as possible* out of the funds required by law to be placed to the credit of the public school fund of the county and derived from fines, forfeitures, penalties, dog taxes, and all other sources except State funds, contributions and *ad valorem* taxes; but if the estimated amount of these funds, based upon the average amount received from the specified sources for the three years next preceding was deemed insufficient, the State Board of Equalization had authority to allocate the necessary amount out of the State six-month school fund. Public Laws, 1931, chap. 430, sec. 7.

The clause requiring these two objects of expenditure to be supplied "as far as possible" out of the designated funds must be considered in connection with the preceding section (section 6, subsections 4 and 5), in which it is directed that "maintenance of the plant" and "fixed charges" were to be paid for by the local unit out of the funds mentioned in

section seven so far as they were sufficient, and, if not sufficient, that the deficiency should be paid out of the State funds "if available."

Construed together the several sections with respect to the two objects now under consideration seem to authorize the board of county commissioners to levy a tax to supply the deficiency when the necessary State funds are not available and it is not possible otherwise to comply with the imperative requirement to maintain the schools for a term of six months.

It is contended by the appellants that the tax levied for instructional service and auxiliary agencies was unauthorized and illegal. They concede that section fifteen, *supra* (Laws, 1931, chap. 430), provides that the county board of education, with the approval of the board of county commissioners and the State Board of Equalization, in order to operate the schools of higher standard than those provided for by State support may supplement any object of expenditure specified in the budget. They insist, however, that it affirmatively appears from the record that the schools were not maintained on any standard higher than that prescribed for State support.

It is true that the plaintiffs offered evidence to this effect; but the defendants say that this testimony is inconsistent with the record which shows that the sum of $3,372.13 was levied for instructional service and $1,525 for auxiliary agencies, both of which were so levied as a supplement to the support of the six months school term at State standards. The record shows that the levy was made for "current expenses, supplement" and we think this a sufficient showing in support of such levy as a supplement for these two items. The tax if otherwise valid would not be ineffective merely for the reason all the details are not shown upon the minutes of the board of commissioners or that the specific purposes for which the levy of eight cents was made do not appear upon the tax receipt.

The allegations contained in the twelfth article of the complaint to the effect that the board of commissioners made no provision for maintaining schools on a basis higher than that of State standards and that the approval of the State Board of Equalization had not been obtained as required by law are denied in the answer. In reference to the allegations thus put in issue the trial court made no specific finding and it is presumed that the judgment is supported by the essential facts. *Comr. of Revenue v. Realty Co.,* 204 N. C., 123; *S. v. Harris, ibid.,* 422; *Rutledge v. Fitzgerald,* 197 N. C., 163. Judgment

Affirmed.