### THE CLAYTON BANKING COMPANY ET AL. v. THE FARMERS BANK ET AL.

(Filed 17 March, 1937.)

**Appeal and Error § 6d—**

Where the correctness of the court's ruling upon a motion is dependent upon facts *aliunde* or *dehors* the record, appellant must request the court to find the facts, otherwise it will be presumed that the court found facts in support of the judgment, and the judgment will be affirmed.

APPEAL by defendant L. T. Rose from *Cranmer, J.,* at September Term, 1936, of JOHNSTON.

Motion to vacate order of confirmation.

At the April Term, 1936, Johnston Superior Court, there was verdict and judgment for plaintiffs in the above entitled cause, and order appointing commissioner and directing sale of collateral to be applied on judgment. The commissioner made sale of collateral and recommended confirmation 19 June, 1936. Order of confirmation was entered at "Smithfield, this 24th day of June, 1936. N. A. Sinclair, Judge," etc.

Motion was made at the September Term, 1936, to vacate said order of confirmation on the ground of irregularity. The motion was denied, "it appearing to the court that the sale was in all respects regular and in accordance with the judgment of the court entered at the April Term."

Movant appeals, assigning errors.

*Parker & Lee for L. T. Rose, appellant.*
*Abell & Shepard for appellees.*

STACY, C. J. Even if it be conceded that the original order of confirmation was irregularly entered, still no harm seems to have come to movant, as later decreed by the judgment at the September Term, which also apparently amounts to an order of confirmation. But, however this may be, the record is barren of any factual determination upon which a reversal of the judgment could be predicated. *Hospital v. Rockingham County, ante,* 205.

In a motion of this kind, where the correctness of the court's ruling is dependent upon facts *aliunde* or *dehors* the record, a request should be made that the facts be found, otherwise it will be presumed that they were determined in support of the judgment. *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Powell v. Bladen County,* 206 N. C., 46, 173 S. E., 50; *S. v. Dalton, ibid.,* 507, 174 S. E., 422; *Comr. of Revenue v. Realty Co.,* 204 N. C., 123, 167 S. E., 563; *S. v. Harris, ibid.,* 422, 168 S. E., 498; *Rutledge v. Fitzgerald,* 197 N. C., 163, 147 S. E., 816; *Holcomb v. Holcomb,* 192 N. C., 504, 135 S. E., 287; *Mfg. Co. v. Foy-Seawell Lbr. Co.,* 177 N. C., 404, 99 S. E., 104; *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955; *Lumber Co. v. Buhmann,* 160 N. C., 385, 75 S. E., 1008.

On the record as presented, no error is apparent.

Affirmed.