LOWELL MURPHY v. AMERICAN ENKA CORPORATION AND L. ZANDE.

(Filed 2 March, 1938.)

**Master and Servant § 49—Employee bound by Compensation Act may not maintain action at common law for disease not compensable under the act.**

The rights and remedies of an employee under the Compensation Act exclude all other rights and remedies, N. C. Code, 8081 (r), and an employee bound by the act, N. C. Code, 8081 (k), may not maintain an action at common law against the employer and his foreman to recover for injuries caused by an occupational disease not enumerated in the 1935 amendment (N. C. Code, 8081 [1] and [2]), even though the disease is the result of negligence.

APPEAL by plaintiff from *Johnston, J.,* at October Term, 1937, of BUNCOMBE.

Action to recover damages for alleged personal injury allegedly resulting proximately from actionable negligence.

It is admitted: That the relationship of employer and employee existed between plaintiff and defendant American Enka Corporation; that both have accepted and are governed by the provisions of the N. C. Workmen's Compensation Act; that plaintiff filed claim with the N. C. Industrial Commission for compensation for alleged injury while working for the defendant American Enka Corporation, in its paint room over which the defendant L. Zande was superintendent, contending that in using a spray gun for painting he was caused to inhale fumes of turpentine and other chemical elements in the paint, which resulted in the development of an abscessed kidney, permanently and totally disabling him as of 3 April, 1936; that although the single Commissioner awarded him compensation, on appeal therefrom by defendant the Full Commission rendered judgment in the following language:

"The Full Commission finds as a fact that the plaintiff did not sustain an injury by accident arising out of and in the course of his employment, which was the proximate cause of his present kidney trouble, and that the plaintiff is not suffering from an occupational disease, as defined by sec. 50½ of the N. C. Workmen's Compensation Act, and therefore reverses the award of the hearing Commissioner and orders that the findings of fact, conclusions of law, and the award of the hearing Commissioner be vacated and set aside."

That on appeal therefrom by plaintiff, the Superior Court of Buncombe County, by judgment entered at the regular civil term, August, 1937, affirmed the decision of the Full Commission, from which judgment no appeal was taken.

Thereafter plaintiff instituted this action at common law for damages and filed complaint in which he alleges in substance: That, although the above statement of admitted facts is true, the injury complained of "is a disease, or industrial disease, contracted through the negligence of the defendant, and is one of those diseases specifically excluded from the Workmen's Compensation Act of the State of North Carolina by sec. 8081 (1) of the Consolidated Statutes, said disease not being one of those enumerated and included in 8081 (2) of the Consolidated Statutes"; "that the injury was gradually incurred over a period of several weeks immediately prior to and culminating on 3 April, 1936"; and that the injury was directly and proximately caused by the joint and concurrent negligence of the defendants in the manner specifically set forth, which for the purpose of this appeal need not be detailed.

The defendant denies the material allegations of the complaint, and pleads in bar of plaintiff's right to recover: (1) That the provisions of the N. C. Workmen's Compensation Act, as amended, apply, and that the N. C. Industrial Commission has exclusive jurisdiction; (2) estoppel by the award of the N. C. Industrial Commission, and the judgment of the Superior Court of Buncombe County affirming same.

From judgment sustaining defendant's pleas in bar plaintiff appealed to the Supreme Court, and assigned error.

*Don C. Young and Weaver & Miller for plaintiff, appellant.*
*Smathers & Meekins for defendant, appellee.*

PER CURIAM. The record on appeal fails to disclose error.

The plaintiff and the defendant, having accepted the N. C. Workmen's Compensation Act, are bound by its provisions. C. S., 8081 (k).

The act as originally enacted defined "injury" and "personal injury" for which compensation is allowable to "mean only injury by accident arising out of and in the course of employment, and shall not include a

disease in any form except where it results naturally and unavoidably from the accident." C. S., 8081 (i), (f); Public Laws 1929, ch. 120, sec. 2.

Construing the act in the case of *McNeely v. Asbestos Co.,* 206 N. C., 568, 174 S. E., 509, a case similar to the present one, *Brogden, J.,* said: ". . . it would seem manifest that our act did not undertake to limit compensation to cases where the injury was begun and completed within narrow limits of time, but that it used the expression 'injury by accident' in its common sense everyday conception as referring to an injury produced without the design or expectation of the workman. Indeed, sec. 13 of the act declares: 'No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another.' Manifestly, all other accidental injuries, not specifically withdrawn from the benefits of the act, should be logically deemed to fall within its purview."

Thereafter, the Legislature of 1935, by ch. 123, Public Laws 1935, C. S., 8081 (1) and (2), extended the provisions of the act to treat occupational diseases therein described as the happening of an injury by accident within the meaning of the act. The amendment provided in part that "the procedure, practice, and compensation and other benefits provided by said act shall apply in all such cases, except as hereinafter otherwise provided. The word 'accident' as used in the Workmen's Compensation Act shall not be construed to mean a series of events in employment, of a similar or like nature, occurring regularly, continuously, or at frequent intervals in the course of such employment, over extended periods of time, whether such events may or may not be attributable to fault of the employer, and disease attributable to such causes shall be compensable only if culminating in an occupational disease mentioned in and compensable under this act." It is manifest that the intent of the Legislature in the restriction here put upon the construction of the word "accident" is to limit the occupational diseases over which the provisions of the Compensation Act are extended, and to make clear the diseases intended to be compensable.

The plaintiff concedes that the injury of which he complains is not included among the occupational diseases enumerated in the 1935 amendment as being compensable. But he contends that the declared construction of the word "accident" eliminates his injury from the provisions of the Compensation Act, and that a common law action against his employer would lie for actionable negligence. This contention is not tenable. C. S., 8081 (r); Public Laws 1933, ch. 449, sec. 11.

The case of *Lee v. American Enka Corp.,* 212 N. C., 455, 193 S. E., 809, is decisive of the present appeal. There, *Connor, J.,* speaking to a

factual situation similar to the instant case, said: "When the plaintiff in this action failed to reject the N. C. Workmen's Compensation Act as applicable to his employment by the defendant American Enka Corporation, and thereby became subject to its provisions, in consideration of the liability assumed by the said defendant to pay to him compensation for an injury which he might suffer by an accident arising out of and in the course of the employment, without regard to whether the accident and resulting injury were caused by its negligence, he surrendered his right to recover of the defendant damages for an injury caused by the negligence of his employer, and waived his right to maintain an action in the Superior Courts of this State to recover such damages."

The judgment below is
Affirmed.