## JENKINS v. AMERICAN ENKA CORPORATION.

### No. 4279.

Circuit Court of Appeals, Fourth Circuit.
April 5, 1938.

Vonno L. Gudger, of Asheville, N. C., for appellant.

W. C. Meekins and J. Bat Smathers, both of Asheville, N. C. (S. G. Bernard, of Asheville, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought by the appellant John E. Jenkins, here referred to as the plaintiff, in the general county court of Buncombe county, North Carolina, against the appellee, American Enka Corporation, a Delaware corporation, here referred to as the defendant. The object of the action was to recover damages for injuries to plaintiff alleged to have been caused by the negligence of defendant's officials.

In February, 1937, on motion of the defendant, the cause was removed to the District Court of the United States for the Western District of North Carolina. The defendant filed an answer to the complaint pleading the North Carolina Workmen's Compensation Act, Pub.Acts N.C.1929, c. 120, as amended, in abatement of plaintiff's alleged cause of action and in bar of the plaintiff's right to recover. A hearing was had on the 26th day of July, 1937, and the judge sustained the defendant's plea in bar and abatement and entered an order dismissing the action with costs to the defendant. From this action of the court below this appeal was brought.

The defendant corporation owned and operated a rayon manufacturing plant at Enka, North Carolina, and the plaintiff worked in the plant from April 27, 1934, to January 5, 1935. In his complaint plaintiff alleged that his health became seriously and permanently impaired because of the unhealthy working conditions in defendant's plant, conditions which were known and could have been prevented by proper care, and that he was not cautioned or warned as to these conditions and their probable effect on his health. Defendant in its answer denied that the working conditions were unhealthy and set up the fact that plaintiff, in his written application for

756

employment, had agreed to be bound by the terms of the North Carolina Workmen's Compensation Act and that act furnished him the sole and only remedy for any damage he may have suffered.

While the decisions of the Supreme Court of North Carolina are somewhat conflicting as to whether a disease of the character alleged to have been contracted by the plaintiff, while in the defendant's employment, is compensable, a study of the opinions of that court in the cases of McNeely v. Carolina Asbestos Company, 206 N.C. 568, 174 S.E. 509; Swink v. Carolina Asbestos Company, 210 N.C. 303, 186 S.E. 258; Conrad v. Cook-Lewis Foundry Company, 198 N.C. 723, 153 S.E. 266, and Lee v. American Enka Corporation, 212 N.C. 455, 461, 193 S.E. 809, leads us to the conclusion that under these decisions the injuries of the plaintiff, if any, were compensable under the North Carolina Workmen's Compensation Act. In any event, the Supreme Court of North Carolina has consistently held that the rights and remedies given an employee under that act excluded all other remedies against his employer for the negligence of the employer. Pilley v. Greenville Cotton Mills, 201 N.C. 426, 160 S.E. 479; Francis v. Carolina Wood Turning Company, 208 N.C. 517, 181 S.E. 628; Lee v. American Enka Corporation, supra.

 The Workmen's Compensation Act of North Carolina has been held to be constitutional by the Supreme Court of that state. Lee v. American Enka Corporation, supra; Hanks v. Southern Public Utilities Company, 204 N.C. 155, 167 S.E. 560; Heavner v. Lincolnton, 202 N.C. 400, 162 S.E. 909; Hagler v. Mecklenburg Highway Commission, 200 N.C. 733, 158 S.E. 383.

The Supreme Court of the United States has upheld the constitutionality of similar compensation acts. Middleton v. Texas Power & Light Company, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527; Lower Vein Coal Company v. Industrial Board, 255 U.S. 144, 41 S.Ct. 252, 65 L.Ed. 555; Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann. Cas.1917D, 642; Ward & Gow v. Krinsky, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033, 28 A.L.R. 1207; R. E. Sheehan Co. v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056; Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532.

In the case of Murphy v. American Enka Corporation, 213 N.C. 218, 195 S.E. 536, recently decided, the Supreme Court of North Carolina, in discussing the principles controlling here, holds that the failure of the employee to reject the Workmen's Compensation Act, is a waiver of his right to maintain an action for damages against his employer for an injury caused by its negligence and further holds that certain occupational diseases come within the purview of the compensation act.

The action of the court below in holding that plaintiff's sole remedy was under the Workmen's Compensation Act was right, and the order complained of is affirmed.

Affirmed.