H. J. McCUNE v. RHODES-RHYNE MANUFACTURING COMPANY AND D. A. HOYLE.

(Filed 10 April, 1940.)

1. **Appeal and Error § 38—**

The burden is upon appellant to show error.

2. **Constitutional Law § 6a—**

A court has only that jurisdiction granted it by the Constitution and by statute, and it cannot acquire jurisdiction by waiver or consent, and objection to the jurisdiction may be taken at any time during the progress of the action. C. S., 518.

3. **Pleadings § 14—**

Demurrer *ore tenus* to the jurisdiction was made by the corporate defendant immediately after the jury was impaneled. The court reserved ruling thereon until after the close of all the evidence, when it sustained the demurrer. *Held:* Demurrer to the jurisdiction can be made at any time during the course of the trial, and the court correctly dismisses an action whenever it perceives that it has no jurisdiction thereof.

4. **Appeal and Error § 40a—**

Where the court does not find the facts and appellant makes no request therefor, it will be presumed on appeal that the court on proper evidence found facts sufficient to support the judgment.

5. **Master and Servant § 36—**

The contention that the Workmen's Compensation Act is unconstitutional for that it destroys the right of trial by jury is untenable.

6. **Master and Servant § 49—Remedies under Compensation Act excludes the recovery of both actual and punitive damages at common law.**

Where both the plaintiff and corporate defendant are presumed to have accepted the provisions of the Workmen's Compensation Act they are bound thereby, and the rights and remedies therein granted are exclusive, Public Laws of 1929, chapter 120, section 4, as amended by Public Laws of 1933, chapter 449, Michie's Code, 8081 (rr), and the contention that since the Compensation Act does not provide for the award of punitive damages, plaintiff had not waived his right to trial by jury on the issue of punitive damages, is untenable.

**7. Same—**

In this action by an employee against the employer and the employer's foreman to recover for alleged malicious and willful assault on plaintiff by the foreman in the course of the employment, judgment sustaining the demurrer of the corporate defendant to the jurisdiction of the Superior Court on the ground that the Industrial Commission has exclusive jurisdiction is upheld, it being presumed that the court found facts sufficient to support its judgment in the absence of findings or request therefor.

**8. Same—**

In an action by an employee against the employer and the employer's foreman for alleged joint tort, the action is properly dismissed as to the corporate defendant when it appears that the Industrial Commission has exclusive jurisdiction of its liability, and is properly retained as to the individual defendant, the right of action against the individual defendant remaining at common law in the Superior Court.

Appeal by plaintiff from *Gwyn, J.,* at January Term, 1940, of Lincoln.

Civil action to recover compensatory and punitive damages for alleged malicious and willful and wanton assault.

While plaintiff, in his complaint, sets forth allegations which he denominates as "his first cause of action" in which he prays actual damages, and "a second cause of action" in which he demands punitive damages, it is agreed by counsel for both the plaintiff and defendants, in stipulation filed as a part of the case on appeal, with the approval of the trial judge, that only one cause of action is alleged.

Plaintiff alleges substantially these facts: That on 7 March, 1939, defendant Rhodes-Rhyne Manufacturing Company, a corporation of this State with its principal place of business in Lincoln County, was operating a cotton mill; that plaintiff was then regularly employed as a weaver in the weave room, over which defendant D. A. Hoyle was foreman in said cotton mill; that while on said date plaintiff in the regular course of his employment was operating a loom, defendant D. A. Hoyle, while in discharge of his duties as such foreman, came upon plaintiff and "without provocation . . . cursed and abused plaintiff for the manner in which" he "was operating said loom, and in a violent, abusive and insulting manner informed plaintiff that he was fired and fully discharged from further service as an employee of his said codefendant, and, without warning or provocation" violently and in anger "grabbed plaintiff around the body and dragged and carried" him "to a nearby open doorway which provided an exit to the ground about six feet below . . . and in the struggle which plaintiff was making for his release and escape from his said violent and forcible ejectment and imminent peril both plaintiff and said D. A. Hoyle fell to the floor, with the result that plaintiff was painfully injured about his arms and shoulders

and suffered violent internal pains and distress, from which he suffered for several weeks thereafter."

That, as restated in paragraph one of second cause of action, "On said date of March 7, 1939, while employed as a weaver in the weave room of defendant Rhodes-Rhyne Manufacturing Company, plaintiff, without just cause or provocation, was suddenly beset and brutally assaulted by defendant D. A. Hoyle, foreman of said weave room, and who at said time was on duty as the agent, servant or factor of his said codefendant . . . that said Hoyle . . . was acting within the scope of his authority and line of duty"; that the said acts of defendant Hoyle were committed (a) for the purpose of intimidating the plaintiff, and coercing him to obey the orders of defendant, (b) "with malice and with willful and wanton disregard for the rights of plaintiff," and (c) while acting in the scope of his authority and line of duty as foreman of the weave room in cotton mill of defendant company.

Defendant, Rhodes-Rhyne Manufacturing Company, in answer filed, admits: That on 7 March, 1939, it was a corporation of and with principal place of business in North Carolina; that D. A. Hoyle was employed by it as a second hand or assistant to the foreman in its weave room; that for several years prior to such date plaintiff was employed as a weaver in its weave room; that on said date as it is informed and believes, upon defendant Hoyle, as such second hand or assistant to foreman, notifying plaintiff that he was discharged from further service as a weaver for defendant company, plaintiff denies Hoyle's authority to discharge him, and as a result thereof and of his refusal to leave the weave room and of words and acts of disrespect, insult and insubordination addressed by plaintiff to said Hoyle, in the presence of other employees in said room, a personal quarrel arose and a slight struggle or tussle ensued between plaintiff and Hoyle with the result that both fell to the floor.

The evidence introduced on the trial below is not contained in the case on appeal. However, in the judgment below it appears that when the case came on for trial, and after the jury was impaneled and the pleadings read, the defendant Rhodes-Rhyne Manufacturing Company, demurred *ore tenus* to the jurisdiction of the court for that the matters and things of which plaintiff complains, in so far as same relate to it, are within the exclusive jurisdiction of the North Carolina Industrial Commission. "Whereupon, in response to inquiry by counsel for said defendant, the plaintiff's counsel entered an admission in the record that at the time complained of said defendant was a textile manufacturer and had in its employment more than five employees, and the court, at the close of all the evidence in the cause, sustained the demurrer of the corporate defendant, Rhodes-Rhyne Manufacturing Company for that

any right which the plaintiff may have against the corporate defendant is governed by the Workmen's Compensation Act, and that the court has no jurisdiction of this case as it relates to the corporate defendant."

Plaintiff, reserving exception to the ruling of the court, took voluntary nonsuit as to defendant Hoyle, and, from judgment dismissing the action as to corporate defendant, appeals to Supreme Court and assigns error.

*W. H. Childs and L. E. Rudisill for plaintiff, appellant.*
*Jonas & Jonas for defendant, appellee.*

Winborne, J. Upon the record on this appeal appellant, having the burden to do so, has failed to show error in the judgment below.

The jurisdiction of a court over the subject matter of an action depends upon the authority granted to it by the Constitution and laws of the sovereignty, and is fundamental. McIntosh P. & P., 7; *Stafford v. Gallops,* 123 N. C., 19, 31 S. E., 265. There can be no waiver of jurisdiction over the subject matter, and objection may be made at any time during the progress of the action. C. S., 518; *Miller v. Roberts,* 212 N. C., 126, 193 S. E., 286; *Henderson County v. Smyth,* 216 N. C., 421, 5 S. E. (2d), 136; *Burroughs v. McNeill,* 22 N. C., 297, and numerous other decisions in this State.

It is stated in *Burroughs v. McNeill, supra,* that: "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity."

In the present case it is noted that though the demurrer *ore tenus* to the jurisdiction of the Superior Court was made by defendant Rhodes-Rhyne Manufacturing Company on the trial below immediately after the jury was impaneled and the pleadings were read, the court deferred ruling thereon until "the close of all the evidence in the cause." In view of this fact, which is recited in the judgment, it is patent that the court acted upon the demurrer in the light of the factual situation as revealed by the evidence.

However, while the court adjudged that any right which plaintiff may have against the corporate defendant is governed by the Workmen's Compensation Act, the record does not show findings of fact upon which the judgment is based, nor does it appear that plaintiff requested the court to find the facts. In the absence of such findings and of request therefor, it is presumed that the court, upon proper evidence, found facts sufficient to support the judgment. *Lumber Co. v. Buhmann,* 160 N. C., 385, 75 S. E., 1008; *McLeod v. Gooch,* 162 N. C., 122, 78 S. E., 4; *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955; *Mfg. Co. v. Lumber Co.,* 177 N. C., 404, 99 S. E., 104; *Holcomb v. Holcomb,* 192 N. C., 504, 135

S. E., 387; *Rutledge v. Fitzgerald,* 197 N. C., 163, 147 S. E., 816; *Comr. of Revenue v. Realty Co.,* 204 N. C., 123, 167 S. E., 563; *S. v. Harris,* 204 N. C., 422, 168 S. E., 498; *Powell v. Bladen County,* 206 N. C., 46, 173 S. E., 50; *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Banking Co. v. Bank,* 211 N. C., 328, 190 S. E., 472.

Plaintiff, however, contends that the Workmen's Compensation Act is unconstitutional for that it destroys the right of trial by jury. This challenge has been fully considered and denied in previous decisions of this Court. *Heavner v. Lincolnton,* 202 N. C., 400, 162 S. E., 909; appeal dismissed, 53 S. Ct., 4, 287 U. S., 672, 77 L. D., 579; *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560; *Lee v. Enka Corp.,* 212 N. C., 455, 193 S. E., 809.

Plaintiff further contends that the Workmen's Compensation Act having no provision for the award of punitive damages, plaintiff has not waived a right to trial by jury for the ascertainment thereof as against both defendants. For the purpose of considering this question, it is assumed from the judgment that the court below found as a fact that at the time of and with respect to the alleged injury to plaintiff, the relationship of employer and employee existed between defendant, Rhodes-Rhyne Manufacturing Company, and the plaintiff. Therefore, under the provisions of the North Carolina Workmen's Compensation Act, both the company and plaintiff, neither being in the excepted class as therein stated, are presumed to have accepted the provisions of the act and are bound thereby. *Pilley v. Cotton Mills,* 201 N. C., 426, 160 S. E., 479; *Hanks v. Utilities Co., supra; Miller v. Roberts, supra; Lee v. Enka Corp., supra; Murphy v. Enka Corp.,* 213 N. C., 218, 195 S. E., 536; *Tscheiller v. Weaving Co.,* 214 N. C., 449, 199 S. E., 623.

The act expressly provides that the rights and remedies granted to an employee who has accepted the provisions of the act to accept compensation on account of personal injury or death by accident, "shall exclude all other rights and remedies of such employee . . . as against his employer at common law, or otherwise, on account of such injury, loss of service, or death." Public Laws 1929, ch. 120, sec. 11, as amended by ch. 449, Public Laws 1933. Michie's Code of 1935, 8081 (r). This provision has been upheld by decisions of this Court. *Pilley v. Cotton Mills, supra; Lee v. Enka Corp., supra; Murphy v. Enka Corp., supra; Tscheiller v. Weaving Co., supra.*

Plaintiff further contends that the action being for an alleged joint tort, there is error in allowing the demurrer to jurisdiction as to corporate defendant and retaining the cause as to the individual defendant. This contention is answered in *Tscheiller v. Weaving Co., supra,* where the Court held that the Industrial Commission has exclusive jurisdiction of plaintiff's claim only against the employer, but that his right

against the individual defendant remains at common law in the Superior Court.

Other contentions of plaintiff are deemed untenable.

The judgment below is

Affirmed.