DONNA DANIELS, PLAINTIFF v. JAMES E. SWOFFORD, INDIVIDUAL DEFENDANT, AND DERMOX, INC., CORPORATE DEFENDANT

No. 8122SC476

(Filed 2 February 1982)

1. **Master and Servant §§ 49.1, 55.3— workers' compensation—status as employee —assault as accident**

   Plaintiff was still an employee of defendant employer for the purposes of workers' compensation when she was allegedly assaulted by defendant's presi-

dent immediately after she had orally tendered her resignation. Furthermore, the assault was an accident arising out of and in the course of plaintiff's employment where defendant's president and plaintiff were discussing plaintiff's job performance at the time it occurred.

2. **Master and Servant § 87— workers' compensation—common law action against employer precluded—action against assaultive employee not precluded**

    The Workers' Compensation Act precluded plaintiff from asserting a common law action against her corporate employer for the alleged intentional assault on her by her supervisory employee who was not the alter ego of the corporate employer. However, the Workers' Compensation Act did not preclude plaintiff from pursuing a common law action against the employee who allegedly committed the intentional assault.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 24 March 1981 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 7 January 1982.

Plaintiff appeals from a dismissal of her action pursuant to Rule 12(b)(1).

Plaintiff's complaint alleges that in September 1978 she began work as a food service employee with Dermox, Inc. On 21 September 1979, pursuant to the regular duties of her employment, she delivered salad bar receipts to a corporate office of Dermox, Inc. While she was there, James E. Swofford, President of Dermox, Inc., criticized her job performance. Plaintiff alleges that after being subjected to verbal abuse by Mr. Swofford, she orally tendered her resignation.

Plaintiff then left the office and proceeded down the hall. Mr. Swofford followed her and "intentionally, unlawfully, wantonly and maliciously" kicked the plaintiff in her right leg behind the knee. As a result, plaintiff sustained personal injuries for which she seeks compensatory and punitive damages, and damages for intentional infliction of emotional distress.

Plaintiff's complaint further alleges that at all times James Swofford was undertaking to do that which he was employed to do as President of Dermox, Inc., namely to manage the business affairs and supervise the employees. Because he was acting in furtherance of the business purposes of Dermox, Inc. at the time of the incident, he was acting as an agent of the corporate defendant.

Defendants moved to have plaintiff's action dismissed on grounds that the North Carolina Industrial Commission had exclusive jurisdiction. The trial court granted the motion.

*V. Edward Jennings, Jr., for plaintiff appellant.*

*McElwee, Hall, McElwee and Cannon, by John E. Hall, for defendant appellees.*

VAUGHN, Judge.

At issue is whether the trial court has subject matter jurisdiction over plaintiff's claim or whether the Industrial Commission has exclusive jurisdiction. We conclude that the Workers' Compensation Act precludes plaintiff from seeking recovery from the corporate employer. Plaintiff, however, does have the right to bring a tort action against the assaultive coemployee. Summary judgment in favor of that defendant was improperly granted.

[1] We must first determine whether plaintiff has the right to proceed under the Workers' Compensation Act. It is well settled that to maintain an action for compensation, the claimant must be an employee of the party from whom compensation is sought. *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280 (1965); *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673 (1956).

Plaintiff argues she cannot proceed under the Act because she was not an employee of Dermox, Inc. at the time of the alleged assault. Under similar facts, however, North Carolina and Tennessee courts found that the employer/employee relationship did continue to exist. *McCune v. Manufacturing Co.*, 217 N.C. 351, 8 S.E. 2d 219 (1940); *Williams v. Smith*, 222 Tenn. 284, 435 S.W. 2d 808 (1968).

In both *McCune* and *Williams*, the plaintiff sought damages for injuries intentionally inflicted by his supervisor immediately *after* the supervisor had fired him. In both cases the corporate defendant sought dismissal based on its state's Workers' Compensation Act. By applying the Act's exclusivity provisions to the issues on appeal, the courts by necessity had to find that an employer/employee relationship existed. We, therefore, hold as a matter of law that at the time of the alleged incident, plaintiff was still an employee of Dermox, Inc.

Plaintiff argues the Act is nevertheless unavailable to her because the alleged assault was not a risk incident to employment. We disagree.

In order to be compensable, an injury must result from an accident arising out of and in the course of employment. G.S. 97-2(6); *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977). Under North Carolina's Workers' Compensation Act, the term "accident" includes "an unlooked for and untoward event which is not expected or designed by the injured employee." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E. 2d 109, 110-11 (1962). An unexpected assault, therefore, may be considered an accident despite its characterization as an intentional act. We conclude that the alleged assault in the present action was an accident as defined by the Workers' Compensation Act. The pleadings do not indicate that the assault was personally motivated so as to remove the necessary connection with employment. *See Gallimore v. Marilyn's Shoes*, 292 N.C. at 404-05, 233 S.E. 2d at 532. In fact, defendants admit in their answer that at the time of the incident Mr. Swofford was discussing business and plaintiff's job with the plaintiff. We, therefore, further conclude that the alleged assault arose out of and in the course of plaintiff's employment.

[2]  We must next determine whether North Carolina Workers' Compensation Act is plaintiff's *exclusive* remedy.

Worker compensation laws were enacted to treat the cost of industrial accidents as a cost of production. W. Prosser, Handbook of the Law of Torts § 80 (4th ed. 1971). Under these acts, employers assure employees compensation for accidental injuries "arising out of and in the course of employment." The economic loss is then passed on to consumers. *Id.*

In return for guaranteed compensation, employees give up their right to common law verdicts. 2A A. Larson, The Law of Workmen's Compensation § 72.20 (1976) [hereinafter cited as Larson]. G.S. 97-10.1 is similar to provisions of other states' worker compensation acts:

"If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee . . . shall ex-

clude all other rights and remedies of the employee . . . as against the employer at common law or otherwise on account of such injury or death."

*See* 2A Larson § 65.10 (Supp. 1981). Citing this statute, our courts have barred injured employees covered by the Act from bringing negligence actions against their employers. *Johnson v. United States*, 133 F. Supp. 613 (E.D.N.C. 1955); *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E. 2d 548 (1966); *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886 (1953). The employees' remedy lies exclusively under the statute.

Contrary to most jurisdictions, North Carolina has extended the employer's immunity to coemployees. *See* Annot., 21 A.L.R. 3d 845 (1968). G.S. 97-9 states "Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees . . . and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death . . . in the manner herein specified." In *Altman v. Sanders*, 267 N.C. 158, 148 S.E. 2d 21 (1966), the Supreme Court interpreted the phrase "those conducting his business" to include fellow employees. By reading G.S. 97-9 in conjunction with the exclusivity provisions of G.S. 97-10.1, *Smith v. Liberty Mut. Ins. Co.*, 409 F. Supp. 1211 (M.D.N.C. 1976), excluded fellow employees from common law liability.

One can understand the extension of an employer's immunity to employees when one considers the industrial setting. By accepting employment, a worker increases not only the risk of injuring himself but also the risk of negligently injuring others. *Andrews v. Peters*, --- N.C. App. ---, 284 S.E. 2d 748 (1981). Rather than forcing a worker to shoulder the cost of any such injury, our courts have determined that industry, and ultimately the consumer, should bear the economic loss. The Industrial Commission, therefore, has exclusive jurisdiction over all accidents "arising out of employment" negligently caused by an employer or employee.

Where injury is caused by intentional or malicious acts, however, North Carolina's Workers' Compensation Act is *not* necessarily the exclusive remedy. Our courts early held that in-

tentional assault by an employer removed him from his common law immunity:

> " 'Where the employer is guilty of a felonious or willful assault on an employee he cannot relegate him to the compensation act for recovery. It would be against sound reason to allow the employer deliberately to batter his helper, and then compel the worker to accept moderate workmen's compensation benefits. . . .' "

S. Horovitz, Injury and Death Under Workmen's Compensation Laws 336 (1944), as quoted in *Warner v. Leder*, 234 N.C. 727, 733-34, 69 S.E. 2d 6, 10 (1952); *Essick v. Lexington*, 232 N.C. 200, 210, 60 S.E. 2d 106, 113-14 (1950).

A number of other jurisdictions have reached the same result when the employer is a corporation, and the assailant is in effect an alter ego of the corporation. 2A Larson § 68.00. In the present action, however, there is no allegation that the defendant coemployee was acting as an alter ego of Dermox, Inc. Nor is there any evidence in the record from which we may conclude that Mr. Swofford was so acting. *Compare with Heskett v. Fisher Laundry & Cleaners Company, Inc.*, 217 Ark. 350, 230 S.W. 2d 28 (1950). Plaintiff's only allegation is that Mr. Swofford was acting as an agent of the corporate defendant within the course, scope, and authority of his employment.

When the intentional injury is committed by a supervisory employee rather than an employee who is the alter ego of the corporation, the majority rule is that an action in damages will *not* lie against the employer. 2A Larson § 68.21. Larson gives the following explanation:

> "The legal reason for permitting the common-law suit for direct assault by the employer, as we have seen, is that the same person cannot commit an intentional assault and then allege it was accidental. This does not apply when the assailant and the defendant are two entirely different people. Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system."

2A Larson § 68.21.

In light of the foregoing, we conclude that plaintiff's claim of an intentional tort is insufficient to avoid the exclusivity provision of G.S. 97-10.1 unless there was an actual intent on the part of the corporate employer to injure her. *See Gallegos v. Chastain*, 95 N.M. 551, 624 P. 2d 60 (1981). We will not impute the malice of the assaultive employee to the corporation where the employee's status with the corporation is that of supervisor rather than of alter ego. *Contra, Meyer v. Graphic Arts International Union*, 88 Cal. App. 3d 176, 151 Cal. Rptr. 597 (1979). Since plaintiff has not alleged the employer intended her injuries, the basis of the corporate employer's liability could only be a *negligent* failure to prevent its agent's alleged attack. *See also Camacho v. Innersprings, Inc.*, 142 N.Y.S. 2d 886 (1955). We, therefore, sustain the dismissal of plaintiff's claims against Dermox, Inc. *E.g., Jablonski v. Multack*, 63 Ill. App. 3d 908, 380 N.E. 2d 924 (1978); *Gallegos v. Chastain, supra; Williams v. Smith*, 222 Tenn. 284, 435 S.W. 2d 808 (1968); *Bryan v. Utah International*, 533 P. 2d 892 (Utah 1975).

*McCune v. Manufacturing Co.*, 217 N.C. 351, 8 S.E. 2d 219 (1940), provides additional support for our decision. That case involved a supervisor's assault on an employee the supervisor had just fired. Without discussion, the Court held that the Workers' Compensation Act was the exclusive remedy against an employer and allowed dismissal of plaintiff's charges against the defendant corporation.

We next address plaintiff's claim against James Swofford. As stated earlier, our courts have construed the Workers' Compensation Act to provide coemployees immunity from common law liability. Several jurisdictions with similar express coemployee immunity provisions have judicially limited the immunity provisions to *exclude* intentional acts causing injury. *See, e.g., Elliott v. Brown*, 569 P. 2d 1323 (Alaska 1977); *Jablonski v. Multack*, 63 Ill. App. 3d 908, 380 N.E. 2d 924 (1978); *George Petro, Inc. v. Bailey*, 438 S.W. 2d 88 (Ky. 1968); *Mazarredo v. Levine*, 274 A.D. 122, 80 N.Y.S. 2d 237 (1948); *Bryan v. Utah International*, 533 P. 2d 892 (Utah 1975).

Early decisions by our courts suggested that assault by a coemployee would be outside the immunity of our Act also: "[T]o take the case out of the Workmen's Compensation Act the injury

to an employee by a co-employee must be intentional." *Wesley v. Lea*, 252 N.C. 540, 545, 114 S.E. 2d 350, 354 (1960); *Warner v. Leder*, 234 N.C. at 733, 69 S.E. 2d at 10; *Essick v. Lexington*, 232 N.C. at 210, 60 S.E. 2d at 113.

Recently, in a case directly involving the issue, this Court held that assaultive behavior by a coemployee does limit the employee's immunity under Chapter 97. *Andrews v. Peters*, --- N.C. App. ---, 284 S.E. 2d 748 (1981). Such misconduct is outside the realm of industrial accidents which workers' compensation laws were designed to exclusively cover. We will not allow the assaultive employee to use a remedial statute as a shield against financial responsibility for his misconduct.

The present plaintiff, therefore, properly pursued her common law action against Swofford for the alleged assault.

In summary, we hold that the Workers' Compensation Act precludes plaintiff from asserting a cause of action against her corporate employer for the alleged assault of a supervisory employee. The Act does not, however, preclude her from pursuing recovery from the assaultive employee.

Affirmed as to defendant Dermox, Inc.

Reversed as to defendant Swofford.

Judges WEBB and HILL concur.