**James E. HORNE, Jr., Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Appellee.**

No. 82–1535.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1983.

Decided Sept. 1, 1983.

Don H. Bumgardner, Gastonia, N.C. (Harris, Bumgardner & Carpenter, Gastonia, N.C., on brief), for appellant.

Robert B. Cordle, Charlotte, N.C. (Helms, Mulliss & Johnston, Charlotte, N.C., on brief), for appellee.

Before WIDENER, HALL and MURNAGHAN, Circuit Judges.

PER CURIAM:

The plaintiff brought this diversity action in the United States District Court for the Western District of North Carolina to recover damages for injuries sustained while

nications; rather, it permits ... [the exclusion of] all adverse testimony." *Trammel* 445 U.S. at p. 51, 100 S.Ct. at p. 912.

operating a hydraulic press for the defendant, General Electric. The defendant moved for summary judgment on the ground that the plaintiff's action was barred by the North Carolina's Workers' Compensation Act. *See* N.C.Gen.Stat. Chap. 97, esp. § 97–10.1 (1979). The district court granted the defendant's motion and the plaintiff appeals. We affirm.

The facts are undisputed. The plaintiff, while working as an employee of the defendant, was injured when a hydraulic press that he was operating malfunctioned. At the time of the injury, the plaintiff was employed at the Charlotte Service Shop of the defendant's Apparatus Service Division. The hydraulic press was manufactured by the Tuscon Service Shop of the same Division of the same employer. The plaintiff having received his workman's compensation benefits for his injuries, then sought to maintain a products liability action against his employer.

Under the North Carolina Workers' Compensation Act, an employee who has received workman's compensation benefits for a work-related injury is barred from bringing an action against his employer "at common law or otherwise on account of such injury." N.C.Gen.Stat. § 97–10.1 (1979). The plaintiff nonetheless contends that under what has been called the dual capacity doctrine he should be allowed to bring an action against the defendant in its capacity as a manufacturer of the machine that caused the injuries. *See e.g., Mercer v. Uniroyal, Inc.,* 49 Ohio App.2d 279, 361 N.E.2d 492 (1976) (allowing suit by a truck driver against his employer for injuries caused by a blowout of a tire manufactured by the employer).

We find no North Carolina case involving the dual capacity doctrine. The North Carolina courts have not discussed that subject and have consistently applied the Workers' Compensation Act to bar actions against employers for work-related injuries. *See, e.g., Lovette v. Lloyd,* 236 N.C. 663, 73 S.E.2d 886 (1953); *Daniels v. Swofford,* 55 N.C.App. 555, 286 S.E.2d 582 (1982). The opinion in *Lovette* is especially persuasive because it holds that a negligent employer may not be held for contribution by a third party tortfeasor because the employer itself may not be liable for an on the job injury to an employee. There the court said the employer is released from "all liability except that of paying compensation to him [the employee] in accordance with the provisions of the Workmen's Compensation Act." 73 S.E.2d at 892.

Moreover, the great majority of cases in other jurisdictions involving a work-related injury caused by an instrumentality manufactured by the employer have not permitted an action against the employer. 2 A. Larson, *Workman's Compensation* § 72.83 (1980); *see* Annot., 9 A.L.R.4th 873 (1981). *See also,* for example, *Kottis v. United States Steel Corp.,* 543 F.2d 22 (7th Cir. 1977) (applying Indiana Law); *Strickland v. Textron, Inc.,* 433 F.Supp. 326 (D.S.C.1977) (applying South Carolina law).

We should not leave the question without noting that an additional reason for our decision is the great effect a contrary decision would be bound to have on the North Carolina workmen's compensation system. Such a change in a system which for many years has proved to be both humane and reliable is one better addressed to the General Assembly of the State than to us.

The absence of North Carolina authority supporting the plaintiff's position; the persuasiveness of *Lovette* to the contrary; the weight of authority in other jurisdictions rejecting his position; and the necessary change a decision sustaining his position would make in the North Carolina workmen's compensation system lead us to conclude that the North Carolina courts would not permit the plaintiff to maintain his action against his employer.

The judgment of the district court is accordingly

AFFIRMED.