EARL J. BARRINO, ADMINISTRATOR OF THE ESTATE OF LORA ANN BAR-
RINO v. RADIATOR SPECIALTY COMPANY

No. 8326SC753

(Filed 3 July 1984)

**Master and Servant § 87— workers' compensation—alleged intentional acts—com-
mon law action precluded**

Plaintiff's acceptance of workers' compensation benefits for the death of
an employee precluded plaintiff from seeking additional compensation in a com-
mon law action based upon alleged willful and intentional acts by defendant
employer. Furthermore, even if plaintiff was not precluded from bringing an
action based on intentional acts, plaintiff's allegations demonstrated only gross
negligence by defendant with regard to the protection of its employees and
failed to show an actual intent to injure the deceased employee.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered
23 March 1982 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 1 May 1984.

Prior to her death, Lora Ann Barrino was an employee at
defendant's manufacturing plant in Indian Trail, North Carolina.
Plant operations generally involved the handling and processing
of volatile, flammable liquids and gases. On 26 November 1980, an
explosion and fire occurred at the plant causing decedent to sus-
tain second and third degree burns over seventy percent of her
body. These burns resulted in her death on 10 December 1980.
Decedent was subsequently paid benefits under the North
Carolina Workers' Compensation Act.

Plaintiff, who is decedent's father and administrator of her
estate, filed this action on 24 November 1982 to recover for the
injuries and death of decedent. Plaintiff contended that the explo-
sion was the result of defendant's willful and intentional miscon-
duct. Defendant answered, claiming that the acceptance of
Workers' Compensation benefits was an absolute bar to all other
remedies under G.S. 97-10.1, and moved for summary judgment on
22 February 1983. From the granting of this motion by the trial
court, plaintiff appeals.

*Chambers, Ferguson, Watt, Wallas, Adkins and Fuller, by Melvin L. Watt, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon and Gray, by James P. Crews and Henry C. Byrum, Jr., and Weinstein, Sturges, Odom, Groves, Bigger, Jonas and Campbell, by John J. Doyle, Jr., for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment in that defendant's conduct amounted to an intentional tort, which would enable plaintiff to seek a civil recovery in addition to the Workers' Compensation benefits previously awarded. We disagree with this contention and affirm the order of the trial court.

The North Carolina Workers' Compensation Act provides that:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise *on account of such injury or death.* G.S. 97-10.1.

Plaintiff argues, however, that where an employee is injured by the employer's intentional act the immunity from suit provided by G.S. 97-10.1 is not applicable. *Essick v. City of Lexington*, 232 N.C. 200, 60 S.E. 2d 106 (1950). For plaintiff to recover legal damages against defendant, then, according to plaintiff, there must be a showing that decedent was intentionally injured by defendant.

Plaintiff contends that the acts of defendant were willful, wanton, malicious and intended, thereby justifying the application of the exception to the exclusivity clause of G.S. 97-10.1. The misconduct complained of, as alleged by plaintiff in his complaint, consisted of the following acts:

1. covering meters designed to detect dangerous gas and vapor levels in defendant's plant with plastic bags to render them inoperative;

2. turning off, on the day of the explosion, alarms designed to warn of dangerous gas and vapor levels in defendant's plant, and instructing employees to continue or to resume working despite the alarms;

3. installing and operating equipment used in storing and handling explosive gas without the inspections and approvals required by law;

4. using equipment which lacked explosion-proof safeguards to prevent sparks in an explosion-prone atmosphere in violation of the National Electrical Code and the Occupational Safety and Health Act of North Carolina; and

5. in general, failing to provide a safe work place.

Even when considered in the light most favorable to plaintiff, these allegations of misconduct do not establish an intentional act sufficient to remove the protection afforded defendant by G.S. 97-10.1. Although the allegations, which are denied by defendant, may, if true, demonstrate that defendant was grossly negligent with regard to the protection of its employees, there has been no showing of an "actual intent" to injure decedent. *See Daniels v. Swofford*, 55 N.C. App. 555, 286 S.E. 2d 582 (1982).

Since there was no showing that defendant intended to injure decedent, we find no substance in plaintiff's attempt to avoid a claimed exclusivity provision of G.S. 97-10.1. Moreover, the case of *Warner v. Leder*, 234 N.C. 727, 69 S.E. 2d 6 (1951), seems indistinguishable from the case at bar. In *Warner* the plaintiff contended that although he had received compensation he should be able to sue the defendant because defendant was guilty of willful and wanton conduct. In that case our Supreme Court held that since it was admitted that plaintiff had applied for and received compensation under the Workmen's Compensation Act the acceptance of benefits under the Act ". . . forecloses the right of the employee to maintain a common law action, under the exception pointed out, against the employer. . . ." *Id.* at 733, 69 S.E. 2d at 10.

Plaintiff has already been compensated by the payment of Workers' Compensation benefits and may not now maintain a separate action against defendant for additional compensation. The trial court's order granting defendant's motion for summary judgment is

Affirmed.

Judge WEBB concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

As was recognized by our Supreme Court in *Essick v. City of Lexington*, 232 N.C. 200, 60 S.E. 2d 106 (1950), an employer's immunity from suit for *intentional* injuries is no part of the bargain that is our Workers' Compensation Act. As numerous other decisions of that Court and this have intimated, the only rights against their employers that employees surrendered by the enactment of Workers' Compensation was the right to sue for negligently caused injuries. *See Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886 (1953); *Lee v. American Enka Corporation*, 212 N.C. 455, 193 S.E. 809 (1937). Which is as it should be, in my opinion, and since the plaintiff's complaint alleges an intentional tort that resulted in a young woman's death, it was error, I believe, to dismiss the case by summary judgment. The judgment is based only upon the pleadings and plaintiff's admissions that decedent was employed by defendant and Workers' Compensation benefits were applied for and received; none of which showed either that plaintiff's allegations cannot be proved or that plaintiff is necessarily barred for having applied for and accepted Workers' Compensation benefits. From aught that the record shows the defendant's tort was as alleged and there were equities which justified plaintiff in obtaining the benefits available. According to the complaint, and nothing in the record refutes it, the horrible, painful death of a young woman was caused by *intentional* conduct that was markedly calloused and without regard for the life and health of defendant's employees. Among other things it is alleged that defendant's plant handles, stores and utilizes liquefied petroleum gases; and the death of plaintiff's decedent was

caused by an explosion and fire that resulted from various deliberate acts of defendant, including covering, and rendering inoperative, meters designed to detect dangerous gas and vapor levels. If the matters alleged be true, the welfare of all workers, their families, and the public at large requires, I think, that defendant not be deemed immune from suit because of the Workers' Compensation Act.