**Sandra HERRING, Plaintiff,**

v.

**F.N. THOMPSON, INC., F.N. Thompson Co., Arnold D. Isaacs, William M. Caldwell, II, Defendants,**

v.

**Douglas HERRING, Third Party Defendant.**

**No. 3:93CV–25P.**

United States District Court, W.D. North Carolina, Charlotte Division.

April 11, 1994.

George Daly, Charlotte, NC, for plaintiff.

Philip M. Van Hoy, Van Hoy, Reutlinger & Taylor, Charlotte, NC, for defendants.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on Defendants' motions for summary judgment, and to strike filed December 30, 1993. Plaintiff responded to the summary judgment motion in a brief filed January 19, 1994 and to the motion to strike in a brief filed February 8, 1994.

Defendants move the Court to strike ¶ 10 of the Complaint—which is unverified—because it states, in contradiction to her sworn testimony, that she was subjected to battery after October of 1991.

On February 1, 1994, Plaintiff filed a sworn affidavit in which she states that Defendant Caldwell subjected her to battery after October of 1991. Therefore, the Court denies the motion to strike.

### FACTUAL SUMMARY

Plaintiff was Defendant Isaacs' and Defendant Caldwell's secretary. Isaacs is the corporate president, and Caldwell is its vice-president. On several occasions during her employment at F.N. Thompson, Inc., Plaintiff was told by both men of their sexual exploits both at the office and elsewhere with employees and others. They would also tell her they watched sexually explicit videos at the office and Caldwell spoke to her of sexually graphic movies. She claims she did not welcome these discussions.

The Defendants also made sexually suggestive jokes at the office in Plaintiff's presence. Beginning in 1989, Caldwell began sexually touching Plaintiff. For example, he would at times fondle her breasts. The Defendants also subjected other female employees to this sort of touching. Caldwell also gave Plaintiff a sexually explicit video, representing it to be a construction video.

Defendants also allegedly warned Plaintiff to have nothing to do with the man who eventually became her husband and who was also a company employee. One day, Plaintiff's husband caught Caldwell sticking his head into a bathroom Plaintiff occupied. Words were exchanged. The next morning, Isaacs called Plaintiff into his office and told her that her husband was not meeting his completion deadlines. More words were exchanged. Following this meeting, Plaintiff quit her job.

### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides,

> ... judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) (West 1993).

Summary judgment must be granted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id., Barwick v. Celotex Corp.,* 736 F.2d 946, 958 (4th Cir.1984). To attain summary judgment, the movant bears an initial burden of demonstrating no genuine issues of material fact are present. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party who must point out specific facts which create disputed factual issues. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In evaluating a summary judgment motion, district courts must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of the non-moving party. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt;

wholly speculative assertions will not suffice. A trial, after all, is not an entitlement. It exists to resolve what reasonable minds could recognize as real factual disputes." *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence from the entire record could not lead a rational fact finder to rule for the non-moving party. *Matsushita Electric Industrial Co.*, 475 U.S. at 587, 106 S.Ct. at 1356, *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53 (1986).

## ANALYSIS

### 1) Individual Liability and Title VII

Defendants contend the individual defendants (Isaacs and Caldwell) cannot be held personally liable in their individual capacity under Title VII and cite *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993) for authority on the proposition. They claim that only the corporate defendant is liable under Title VII. This Court has said individual defendants are not liable under Title VII. *Curl v. Reavis*, 35 FEP Cases 917, 1983 WL 509 (W.D.N.C.1983), *aff'd in part, rev'd in part* 740 F.2d 1323 (4th Cir. 1984).

■ Since this Court's ruling, Plaintiff believes the Fourth Circuit has squarely ruled on the issue of personal employee liability under Title VII, and held in *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989) that employees who fit the statutory definition of an employer may be held personally liable for violations of Title VII. In *Paroline*, the Fourth Circuit said,

> [A plaintiff] may pursue her sexual harassment and constructive discharge claims against [an employee] only if he was her "employer" within the meaning of Title VII. An individual qualifies as an "employer" under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment. *Id.* at 104.

The *Paroline* court went on to say, "If the fact finder concludes that [a defendant] exer-

cised sufficient supervisory authority over Paroline to qualify as an 'employer' under Title VII, [he] may be held liable for any actionable sexual harassment in which he personally participated." *Id.* at 106 (citations omitted). It does not appear to the Court that the Fourth Circuit was merely expressing its opinion in dicta on a question not directly before it when it announced this view of the law. The Court believes *Paroline* does hold an employee, when acting as an employer with supervisory authority over a fellow employee, may be held personally liable under Title VII. Since this Court must follow the precedents of the Fourth Circuit, the Ninth Circuit's rule is inapposite. While the Fourth Circuit may wish to reconsider its holding in light of the Civil Rights Act of 1991, that is not for this Court.

Since the Fourth Circuit has so ruled, there remains a dispute of fact as to whether these Defendants had the requisite authority over Plaintiff to constitute her employer. Accordingly, the motion for summary judgment as to counts one and two must be denied.

### 2) Constructive Discharge

■ Furthermore, the Court believes the issue of Plaintiff's constructive discharge presents disputed material facts in need of resolution by a trial that requires it to deny the summary judgment as to count II. Whether Plaintiff experienced sexual harassment which created an intolerable working environment that compelled her to leave her job or whether some other event caused her to leave requires a determination of credibility which is not proper for this Court at summary judgment. Accordingly, the motion must be denied as to the constructive discharge claim.

### 3) The Retroactivity of the Civil Rights Act of 1991

The Supreme Court is presently considering two cases which will hopefully resolve the retroactivity question under the 1991 Civil Rights Act. The Court believes it most advisable to defer ruling on this question until after the Supreme Court has spoken. Accordingly, the Court will reserve ruling on

this issue until a decision by the Supreme Court in *Landgraf v. USI Film Industries,* — U.S. —, 113 S.Ct. 1250, 122 L.Ed.2d 649 and *Rivers v. Roadway Express,* (cert. granted Feb. 22, 1993) is rendered.

### 4) The Assault and Battery Claims

Count three states claims for common law assault and battery against Defendant Caldwell. Defendants argue this claim is either barred by the statute of limitations, or is amenable only to the exclusive remedy afforded by the North Carolina Workers' Compensation Act. As to the statute of limitations argument, Defendants contend the last episode of battery occurred on October 1991. However, Plaintiff's complaint indicates the last date a battery was committed against her was sometime in February of 1992 and her affidavit filed February 1, 1994 supports and corroborates this claim. Plaintiff's complaint was filed on January 13, 1993, less than one year after the last alleged incident of battery. N.C.G.S. § 1–54(3) provides for a one year statute of limitations for battery claims. Therefore, the Court finds the Plaintiff's claim is within, and thus not barred by, the statute of limitations.

■ Alternatively, Defendants claim that the incidents of assault and battery by a co-worker in the workplace are compensable only by the Worker's Compensation Act, unless the individual defendant is acting as the alter ego of the company. *Daniels v. Swofford,* 55 N.C.App. 555, 286 S.E.2d 582 (N.C.App.1982). Here, the complaint does allege the individual Defendants acted as the corporate Defendant's alter ego. Further, that Defendants Isaacs and Caldwell were corporate officers does not show that they were indistinguishable from the corporation as an independent entity with its own structure. Moreover, there is no evidence that the individual Defendants acted with total autonomy in executing their duties as corporate officers. Consequently, the Court concludes the individual Defendants were not the alter ego of the corporate Defendant. Therefore, as to the corporate Defendant, Plaintiff is limited only to recovery under the Worker's Compensation Act and summary judgment as to the corporate defendant on this count is proper.

In summary, the Court denies the motion to strike and in part denies the motion for summary judgment. The Court grants the motion for summary judgment on the assault and battery claim as to the corporate defendants only.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' motion for summary judgment be, and hereby is **DENIED** as to all claims except the assault and battery claim against the corporate defendant.

**IT IS FURTHER ORDERED** that the corporate Defendants' motion for summary judgment as to the assault and battery claim be, and hereby is, **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' motion to strike be, and hereby is, **DENIED.**

### JUDGMENT

**THIS MATTER** is before the Court on Defendants' motion for summary judgment filed December 30, 1993.

**NOW THEREFORE,** in accordance with the Memorandum of Decision and Order filed simultaneously with this Judgment, **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant's motion for summary judgment as to the assault and battery claims in count three of the complaint against Defendants Isaacs and Caldwell be, and hereby is, **GRANTED.**

2. Plaintiff shall recover nothing from Defendants Isaacs and Caldwell as to count three.

3. Each party shall bear its own costs.